157 N.J. Super. 165 (1978)
384 A.2d 855
IN THE MATTER OF PAULA M. GROSSMAN.
Superior Court of New Jersey, Appellate Division.
Argued November 1, 1977.
Decided February 16, 1978.
*166 Before Judges MATTHEWS, CRANE and ANTELL.
Mr. Stephen M. Offen argued the cause for appellant Paula M. Grossman (Messrs. Halpern, Schachter & Wohl, attorneys).
Ms. Prudence H. Bisbee, Deputy Attorney General, argued the cause for respondent Board of Trustees of the Teachers' Pension and Annuity Fund (Mr. William F. Hyland, Attorney General, attorney; Ms. Erminie L. Conley, Deputy Attorney General, of counsel).
PER CURIAM.
Paul M. Grossman, a transsexual, underwent sex reassignment surgery in March 1971. After the operation Grossman was known as Paula M. Grossman and began to live openly as a woman. On August 19, 1971 the Bernards Township Board of Education, her employer, filed written charges against Grossman and suspended her without pay.
*167 The State Commissioner of Education found that Grossman was incapacitated to teach children because of the potential psychological harm to her students. He therefore directed that she be dismissed "for reason of just cause due to incapacity" but he ordered that she be given back pay.
The State Board of Education affirmed the dismissal but denied back pay. On appeal, this court affirmed the dismissal and reinstated her back pay. In re Tenure Hearing of Grossman, 127 N.J. Super. 13 (App. Div. 1974).
Pursuant to the order of the Commissioner and the State Board of Education, the Bernards Township Board of Education filed an application for ordinary disability retirement on Grossman's behalf. The hearing officer recommended that the application be denied and the board of trustees of the Teachers' Pension and Annuity Fund agreed with his recommendation and denied the disability pension.
Grossman appeals, alleging: (1) it was error for the board of trustees to hold that a tenured teacher who had been dismissed for incapacity by the State Board of Education is not thereby entitled to a disability pension; (2) the equities of the situation alone demand that she be given a disability pension. We reverse.
In our review of the tenure proceeding we held that the word "incapacity" in the statute involved there (N.J.S.A. 18A:6-10) had a broad meaning. That statute provides that no tenured person shall be dismissed "except for inefficiency, incapacity, unbecoming conduct, or other just cause * * *." Noting that the word "incapacity" had to be interpreted in conjunction with the words "just cause, inefficiency" and "unbecoming conduct," we held that a tenured teacher could be found to be incapacitated under that statute on the ground that there would be emotional harm to the students in the school district if she were retained in the school system:
We think it would be wrong to measure a teacher's fitness solely by his or her ability to perform the teaching function and to ignore the fact that the teacher's presence in the classroom might, nevertheless, pose a danger of harm to the students for a reason not related *168 to academic proficiency. We are convinced that where, as has been found in this case, a teacher's presence in the classroom would create a potential for psychological harm to the students, the teacher is unable properly to fulfill his or her role and his or her incapacity has been established within the purview of the statute. In fairness to Mrs. Grossman, we emphasize that the Commissioner's conclusions relate only to her fitness to continue teaching in the Bernards Township school system. We express no opinion with respect to her fitness to teach elsewhere and under circumstances different from those revealed in the present case. [127 N.J. Super. at 32]
The statute involved here, N.J.S.A. 18A:66-39 (b), provides for retirement on an ordinary disability pension. It requires that a physician or physicians designated by the board make a medical examination of the potential pension recipient and certify to the board "that the member is physically or mentally incapacitated for the performance of duty and should be retired." Unlike the tenure statute, this provision requires medical certification not merely that a person is incapacitated in a broad and general way, but that he or she is mentally or physically incapacitated for the performance of duty.
The only witnesses before the board of trustees' hearing officer in this proceeding were Grossman and a psychiatrist who had examined her. Both insisted that she was mentally and physically fit to perform her duties. We have no doubt that she is. However, the plain fact is that no school district will employ her because of her transsexual status and the feared effect that may have on pupils she might be called upon to teach.
We noted in the tenure hearing case that "* * * `incapacity,' like `incompetency,' is directly related to fitness to teach * * *," and that "fitness to teach is not based exclusively on a teacher's classroom proficiency or the absence of misconduct. It depends upon a broad range of factors. * * * One of those factors * * * must be the teacher's impact and effect upon his or her students, * * *." 127 N.J. Super., at 30.
*169 The hearing officer and the trustees concluded that there was no indication that the Legislature intended to consider the emotional impact or effect which a teacher has on the student when it referred to a member of the system who is "physically or mentally incapacitated for the performance of duty" in considering pension eligibility requirements. We believe that both were dealing with irrelevancies.
It is too paradoxical to say, on one hand, that Grossman has the ability to teach because she has no ascertainable mental or physical disabilities, and also say that she does not have the capacity to teach because of the psychological impact that she would have on her pupils, on the other.
If Grossman cannot be said to have the capacity to teach, as we held in the tenure proceedings, it is apparent that she lacks the capacity because of her physical condition following the sex change operation. Accordingly, it seems reasonable to us to conclude that if she cannot teach because of that physical condition she is obviously incapacitated both for tenure and pension purposes. We do not find it reasonable to say that she has the ability to teach but that she cannot teach because of the effect she would have on her pupils. We should not overlook the fact that the schools are conducted for the students, not the teachers.
Reversed.